BY THE COURT.
Tbe original action was brought by Agnes Park against the Williamson Heater Co., Harry Nitzschman & Edward David, doing business under the firm name of Nitzschman & David, Gilbert Kerley and Max Liederman. Max Liederman was the principal *518 contractor in the construction of a dwelling-house on Hawthorne avenue, in Cincinnati, Ohio; and the three sub-contractors, the Williamson Heater Co., Nitzschman & David and Gilbert Kerley, each claimed a mechanic’s lien of record against said premises.
Plaintiff’s action is one to quiet the title of the premises against these several liens.
Defendants by way of several cross petitions seek to foreclose their liens.
Plaintiff claims that these liens of defendants are void for the reason that they were not filed within sixty days from the last of the material and labor furnished as required by Sec. 8314 G. C. and further that neither the head contractor nor the subcontractor made out and gave to the owner or her agent a sworn and itemized statement, as required by See. 1283 of the mechanic’s lien law. Plaintiff admits the receipt of notices of the filing of the several liens.
Without entering into a general discussion of the lien laws applicable to the case we shall content ourselves by saying that any defect on the part of the defendants in following the letter of the law and in furnishing sworn and itemized statements was due to the deception practiced by the plaintiff, and the service of the copy of the lien filed must be held to be a substantial compliance with this provision of the statute.
We are of opinion, that the lien filed by the defendant, the Williamson Heater Co., was filed within sixty days from the furnishing of the last of the material and labor. The evidence shows that while all of the material was furnished and nearly all of the work and labor performed in the month of June, 1914, some work was done by way of connecting up of the furnaces and installation of the registers by the heating company November 28, 1914, and on December 5, 1914, the said Williamson Heater Co. duly placed its mechanic’s lien on record in Hamilton county, Ohio, and on the same date a true copy thereof with the notice of the furnishing of the heating apparatus and cost thereof was addressed to “Ana Mey,” the name under which plaintiff had contracted for the construction of the house. This was in compliance with the statute and this lien must be found good.
The lien claimed by the defendants Nitzschman & David is *519 based on their claim for plumbing. The evidence discloses that the last work performed by these defendants on the plumbing was in the fall of 1914; that there was certain work to be done on the plumbing, but that the same was never performed by the said defendants, but was procured by plaintiff or her grantee to be done by other parties; that these defendants claimed they did not discover that some one else had done the work until April 18, 1917. The mechanic’s lien claimed by these parties was placed upon record October 22, 1915.' It is therefore clear that the lien having’ been, placed on the property more than one year after the last work had been performed and material furnished, it was filed too late. Neither can they successfully claim a lien by reason of the unperformed part of the work, as there is no claim that a lien was filed after the discovery that the work had been done by others, and the lien is claimed only on account of labor and material furnished prior thereto. We must therefore hold this lien to be void and of no effect.
The same facts appear from the testimony of defendant Gilbert Kerley with reference to his claim for painting, except as to some little difference in the dates as to when the last work was done and the filing of the lien. The filing of Kerley’s lien, as shown by the evidence, was more than sixty days subsequent to the furnishing of any material or labor, and said defendant admits that the unfinished part of his contract, if any, has not yet been completed, in so far as he knows. It is therefore clear that no lien can be predicated upon the unfinished work.
We therefore hold that plaintiffs entitled to the relief prayed for, upon the payment of the claim of the Williamson Heater Companjq and upon the failure to pay this money a decree in foreclosure and sale of the premises may be had to satisfy such claim; that the liens claimed by the defendants Nitzschman & David and Gilbert Kerley are void and of no effect, and the title may be quieted as against these two alleged liens.
Jones and Hamilton, JJ., concur.
Wilson, J., not participating.